# FOR PUBLICATION

FILED & ENTERED

AUG 19 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Susanne Renee Williams<br><br><br><br><br>                              Debtor(s). | Case No.: 1:15-bk-11232-MT<br><br>CHAPTER 7<br><br>**AMENDED MEMORANDUM OF DECISION RE OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**<br><br>Date:         August 10, 2016<br>Time:        11:00 a.m.<br>Courtroom: 302 |

On April 9, 2015 (the "Petition Date"), Susanne Renee Williams ("Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code. Thereafter, Diane C. Weil was appointed as the Chapter 7 Trustee of the Debtor's estate (the "Trustee").

Four months after the Petition Date, Debtor amended her schedules and listed an income stream from her deceased father's California Public Employees Retirement System ("CalPERS") pension ("Pension") on her amended Schedule B and claimed an exemption in the amount of $2 million under Section 703.140(b)(10)(E) of the California Code of Civil Procedure ("CCP"). See Trustee Obj., Ex. 1.

Trustee's Objection challenges Debtor's exemption ("Exemption") claimed pursuant to CCP 703.140(b)(10)(E) in her survivorship interest in the Pension, which provides her with a monthly payment of $2,207.23. Debtor states that her monthly CalPERS payment is as a result of

-1-

her father's death, and based upon his length of service as a public employee. Debtor is the designated payee of the Pension according to CalPERS documents <u>Debtor's Declaration in Support of Opposition</u>, Ex. A.

Debtor states that the monthly payment under the Pension is her sole source of income. Debtor claims that she lives in a sober living facility, is unemployed and ill with acute ulcers. Trustee is currently receiving the monthly distribution checks from trust(s) in which Debtor is the beneficiary. The other basis of the Trustee's Objection is lack of adequate documentation of Debtor's Pension. Debtor states that her counsel was not previously aware that the Trustee requested and required such documentation. Debtor attached further documentation about the Pension in the Exhibit to her declaration.

On June 22, 2016, the Court ordered supplemental briefing on the issue of whether an inherited pension could be exempt despite the basis of the pension income not stemming from Debtor's own disability, illness, or length of service.

**I. Exemption Provisions**

A Chapter 7 bankruptcy petition creates an estate to satisfy creditors' claims. The estate consists of "all legal or equitable interests of the debtor in property" when the petition is filed. 11 U.S.C. § 541(a)(1). A debtor may, however, exclude property from the estate through various exemptions. Section 522 of the Bankruptcy Code provides a default list of exemptions but allows states to opt out and define their own exemptions. 11 U.S.C. §§ 522(b)(2), 522(b)(3)(A), 522(d). California has opted out of the federal exemption scheme and limited Chapter 7 petitioners to the exemptions debtors may claim in non-bankruptcy cases. Cal.Civ.Proc.Code §§ 703.010(a), 703.130.  With the enactment of BAPCPA in 2005, however, Congress provided that a debtor who elects or is required to take state exemptions is also entitled to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." § 522(b)(3)(C). As a result, debtors in opt-out states like California are not limited to the IRA exemption provided by state law but may, independent of state law, claim the exemption under § 522(b)(3)(C), subject to any applicable dollar limitation in § 522(n).

Here, Debtor has opted to claim the exemption under state law.  C.C.P. § 703.140(b)(10)(E) provides that a debtor may exempt, in relevant part:

(10) The debtor's right to receive any of the following:

(E) A payment under a stock bonus, pension, profitsharing, annuity or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor […].

Under the so-called "snapshot" rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition. See White v. Stump, 266 U.S. 310, 313 (1924). Those exemptions must be determined in accordance with the state law "applicable on the date of filing." 11 U.S.C. § 522(b)(3)(A). And "it is the entire state law applicable on the filing date that is determinative" of whether an exemption applies. In re Jacobson, 676 F.3d 1193, 1199 (9th Cir. 2012) (quoting In re Zibman, 268 F.3d 298, 304 (5th Cir.2001)).

**II. Burden of Proof**

The parties disagree as to whether the claimant or the objecting party has the burden of proof . Once a debtor claims an exemption on his or her schedules, the objecting party "has the burden of proving that the exemptions are not property claimed." Fed. R. Bankr. P. 4003(c).

Movant cites to a recent Ninth Circuit Bankruptcy Appellate Case (the "BAP"), In re Diaz, 547 B.R. 329 (B.A.P. 9th Cir. 2016), for the proposition that where a state law exemption statute specifically allocates the burden of proof to the debtor, Fed. R. Bankr. P. 4003(c) does not change that allocation. See Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15 (2000)(the Supreme Court held that the burden of proof is a "substantive element of a claim" and therefore" remains the same as under the applicable substantive nonbankruptcy law); see also In re Pashenee, 531 B.R. 834, 837 (Bankr. E.D. Cal 2015).

California exemption law places the burden of proof on the claimant.  Debtor argues that Trustee cites to federal exemption law in support of her position, and therefore this is not purely a state law exemption issue.  Regardless of whether federal law is used to analyze the merits of the exemption, Debtor has opted to claim his exemption under state law. The burden is therefore on Debtor to show that it is entitled to the state exemption under Section 703.140(b)(10)(E).

As a practical matter, there appear to be no factual disputes here.  The question is one of law, so where the burden of proof is placed is not dispositive.

**III. Exemption under Section 703.140(b)(10)(E)**

In Rousey v. Jacoway, 544 U.S. 320 (2005), the Supreme Court considered whether an IRA bore the defining legal characteristics to be exempt under 11 U.S.C. § 522(b)(3)(C).[1]

---

[1] Debtor cites to Rousey to argue that pensions include survivorship rights. Justice Thomas simply cited to the Webster definition of "pensions" in dicta, and this is not dispositive on the issue presented here. Rousey, U.S. 320 at 329 (citing Webster's 3d 1967).

While, Debtor here chose the exemption under CCP § 703.140(b)(10)(E), both parties agree that the federal and state statutes are mirror images of each other, and the resulting test applies in this motion:

The income stream must meet three requirements to be exempt:

(1) the right to receive payment must be from "a stock bonus, pension, profit-sharing, annuity, or similar plan or contract";
(2) the right to receive payment must be "on account of illness, disability, death, age, or length of service";
(3) even then, the right to receive payment may be exempted only "to the extent" that it is "reasonably necessary to support [sic]" the accountholder or his dependents.

Rousey, 544 U.S. at 325-26.

(1) <u>Right to Receive Payment Comes From "A Stock Bonus, Pension, Profit-Sharing, Annuity, Or Similar Plan Or Contract"</u>

Unlike IRAs, which are not mentioned in Section 703.140(b)(10)(E), pensions are specifically considered as an exemptible asset. C.C.P. §703.140(b)(10)(E)(debtor has the right to receive "A payment under a stock bonus, **pension**, profitsharing, annuity […]")(emphasis added). This element is satisfied as Debtor is seeking to exempt an income stream from a CalPERS pension.

(2) <u>The Right To Receive Payment May Be Exempted Only "To The Extent" That It Is "Reasonably Necessary To Support" The Accountholder Or His Dependents</u>

In considering an exemption under C.C.P. §703.140(b)(10)(E), a bankruptcy court must apply the state law "reasonably necessary" standard, which estimates whether the exempt amount is designed to provide a debtor with the basic necessities and to prevent the debtor from being a public charge. In re Dalaimo, 88 B.R. 268, 271 (Bankr. S.D. Cal 1988); In re Clark, 711 F.2d 21, 23 (3rd Cir. 1983).

This element is satisfied. Debtor currently lives in a sober living facility, is unemployed and ill with acute ulcers. Aside from the CalPERS pension, she has no other sources of income.

Debtor's schedules demonstrate that her only other income appears to have been the income from the trust fund that already has been turned over to the trustee. She drives an old car with high mileage and owns no other assets. There is no allegation that she is living well at the disadvantage of creditors. In fact, it is unclear that she will have any income if this income stream is eliminated.

    (3) <u>Right to Receive Payment Must be on Account Of Illness, Disability, Death, Age, or Length Of Service</u>

    The crux of the dispute comes down to whether or not the right to receive payment must be on account of Debtor's *own* illness, disability, death, age, or length of service. Debtor argues that it does not; Trustee argues the contrary.  There are certainly policy concerns supporting both arguments, but the court must begin with the statutory language.

    The Supreme Court has instructed that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous." <u>Corley v. United States</u>, 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009), *as cited by* <u>Clark v. Rameker</u>, 134 S. Ct 2242, 2248 (2014).  In interpreting a California statute, the cardinal rule of statutory construction is to determine the intent of the legislature.  <u>Drouet v. Superior Court</u>, 104 Cal Rptr. 2d 159, 169 (Cal. Ct. App. 2001).   California law also favors statutory interpretation that gives "significance to every word, phrase, sentence and part of an act …" <u>Matter of Borba</u>, 736 F.2d 1317, 1320 (9th Cir. 1984).

    The language of Section 703.140(b)(10)(E) exempts "[a] payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age, or length of service."[2]  The statute read narrowly, does not provide, as Trustee argues, that the payment must be made on account of one's *own* illness, disability, age, or service.  In fact, giving significance to every word in the statute, the legislature's inclusion of "death" as one of the grounds for exemption supports Debtor's position that an inherited pensions is exemptible under Section 703.140(b)(10)(E) because the legislature contemplated survivorship rights to a decedent's stock bonus, pension, profit sharing, or annuity. Trustee's insistence that the statute should be construed to mean "*own* illness, disability, age or service" would necessarily lead to the absurd implication that the statute includes "own death" as a basis for the exemption.  <u>See</u> <u>FMC Corp. v. Holiday</u>, 498 U.S. 52, 66 (199)(Justice Stevens, dissenting, "[i]f Congress had intended such an irrational result, surely it would have expressed it in straightforward English."). Here, the payment is on account of the death of Debtor's father, and the pension is characterized by CalPERS Benefits Division as a "lifetime Death Benefit." <u>Trustee Obj</u>, Ex. 2.

    Thus, the statutory language of C.C.P. § 703.140(b)(10)(E) appears on its face to exempt payments as a result of  "*death* . . . to the extent reasonable necessary for the support of the debtor. . ."

//
//
//
//

---

[2] It should be noted that a review of Section 703.140's legislative history does not resolve the issue.

The statutory language cannot be read to reach an absurd result or one directly contravening controlling law, so the next inquiry is whether such a reading is consistent with applicable policies and case law. These considerations are somewhat more complicated and provide less guidance than the statutory language.

We start with the principle that "exemptions are to be interpreted liberally and in the debtor's favor whenever possible." In re Cole, 93 B.R. 707, 709 (B.A.P. 9th Cir. 1988). The United States Supreme Court has also ruled in two related but not completely applicable IRA retirement exemption cases.

In Rousey v. Jacoway, 544 U.S. 320 (2005), the Supreme Court held that a debtor's interest in an Individual Retirement Account (IRA) could be exempted under 11 U.S.C. § 522(d)(10)(E) just as a pension could be. The Supreme Court did not discuss inherited IRAs or pensions, but did discuss the nature of IRAs as compared to traditional pensions. Id. In that ruling, the court emphasized the practical limitations on withdrawal of a large or lump sum from an IRA as well as its purpose in providing distributions or a substitution for wages in an account holder's retirement years. Id. at 327-28.

The Supreme Court in Clark v. Rameker, 134 S. Ct. 2242 (2014), distinguished traditional IRAs from inherited IRAs and held that inherited IRAs could not be exempted. In so holding, the Court emphasized "the purpose of the Bankruptcy Code's exemption provisions." Id. at 2242-45. The Court explained that "those provisions effectuate a careful balance between the interests of creditors and debtors. Id. at 2247. On the one hand, we have noted that "every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to ... creditors." Id. (citing Schwab v. Reilly, 560 U.S. 770, 791 (2010). On the other hand, exemptions serve the important purpose of "protect[ing] the debtor's essential needs." Id. (citing United States v. Security Industrial Bank, 459 U.S. 70, 83 (1982) (Blackmun, J., concurring in judgment)). The Court emphasized that allowing debtors to "protect funds held in traditional and Roth IRAs comports with this purpose by helping to ensure that debtors will be able to meet their basic needs during their retirement years." Clark, 134 S. Ct.at 2247-48.

The Supreme Court was concerned that debtors would not "enjoy a cash windfall by virtue of the exemption" because debtors are required to wait until age 59 ½ before they may withdraw the funds penalty-free. Id. It contrasted this with an inherited IRA. It reasoned that "if an individual is allowed to exempt an inherited IRA from her bankruptcy estate, nothing about the inherited IRA's legal characteristics would prevent (or even discourage) the individual from using the entire balance of the account on a vacation home or sports car immediately after her bankruptcy proceedings are complete." Id. at 2248. Allowing that kind of exemption would convert the Bankruptcy Code's purposes of preserving debtors' ability to meet their basic needs and ensuring that they have a "fresh start." Id. (citing Rousey, 544 U.S. at 325).

These two rulings have provided some guidance but do not address the situation at hand where the account is a pension, not an IRA, and the withdrawals are limited to a reasonable monthly amount necessary for the support of the debtor.

The Trustee accurately cites to a line of bankruptcy court cases which have found that inherited IRA accounts are not exemptible. In <u>In re Trawick</u>, the bankruptcy court held that an inherited IRA is not exempt under C.C.P. §703.140(b)(10)(E) because it is not a "similar plan or contract on account of illness, disability, death, age, or length of service." <u>In re Trawick</u>, 497 B.R. 572, 589 (Bankr. C.D. Cal. 2013) (*abrogated in part*, <u>Clark v. Rameker</u>, 134 S. Ct. 2242 (2014)).

The <u>Trawick</u> court reasoned that an inherited IRA is not exempt because it is not on account of a debtor's age for the following reasons: (i) an inherited IRA requires immediate distributions unrelated to the debtor's age; (ii) the beneficiary may make no contributions to the account; (iii) the beneficiary may not roll the funds over into another retirement plan; and (iv) none of the other factors (illness, disability, death, length or service) apply to inherited IRAs. <u>Id</u>. See also <u>In re Kirchen</u>, 344 B.R. 908, 914 (E.D. Wisc. 2006)(holding that a debtor's inherited IRA could not be exempt under a Wisconsin statute because the source of the fund was immediately payable regardless of Debtor's age or retirement status).

In <u>In re Greenfield</u>, 289 B.R. 146, 147 (Bankr.S.D.Cal. 2003), the chapter 7 trustee objected to state law exemption claimed by debtors in individual retirement account (IRA) which debtor-wife had inherited prepetition from her father. Holding that the IRA which debtor-wife inherited from her father, and from which she was currently receiving disbursements, at the relatively young age of 41, to provide for her and her husband's current support, could not be claimed as exempt under California exemption for debtor's right to receive payment under any stock bonus, pension, profitsharing, annuity or similar plan or contract. <u>Id</u>. at 150. The bankruptcy court struck down Debtor's argument that the disbursements have been small and regular as opposed to large disbursements. <u>Id</u>. at 148 ("the Court is persuaded that the size and regularity of the disbursement is of less import than the purpose of the disbursement. In order to qualify for an exemption the IRA must be used for 'retirement needs.'")

Debtor's inherited pension is distinguishable from the above line of cases to the extent that Debtor's right to withdraw from the CalPERS account is limited by the terms of the account. This restriction, as stated in a correspondence from the CalPERS Benefits Division, proscribes that "[Debtor] is unable to take a lump-sum payout in lieu of monthly payments." Trustee Obj, Ex. 2. This is not a <u>Trawick</u> or <u>Clark</u> situation where the debtor has complete control over the account, with the ability to pull funds, thereby rendering no guarantee that the funds will actually be retained until retirement or disability. See <u>In re Innis</u>, 62 B.R. 659, 660 (Bankr. S.D. Cal. 1986). The funds are also not in a Debtor-controlled account in a depository institution; instead Debtor must deal directly with the state agency to receive disbursements where payment issues are governed by CalPERS policies.

A fundamental concern still remains. If Debtor is permitted to exempt the inherited pension funds, it would appear to contravene the purpose of Section 703.140(b)(10)(E) as interpreted by Greenfield and Trawick. Debtor is utilizing the payments at a pre-retirement age and has been doing so since 1994. See Trustee Obj., Ex. A, 3. The statute was enacted to "enable working taxpayers to accumulate assets during their productive years so that they might draw upon them during retirement." In re McKown, 203 B.R. 722, 724-25 (Bankr. E.D. Cal 1996)(analyzing the purpose of the statute by looking at the common denominator among IRAs, stock options, pension, profit sharing, and annuity).

Although, generally, "the size and regularity of the disbursement is of less import than the purpose of the disbursements," and to be exempt, an IRA must be used for 'retirement needs.'" Greenfield, 289 B.R. at 150, the statute allows the same exemption for illness or disability and the facts here are undisputed that Debtor is ill and potentially disabled.

The addition of the policy considerations enunciated in the relevant cases fails to contradict the statutory language, but does not make the language any clearer. The statutory language supports Debtor's position. Permitting reasonably necessary monthly payments construes the statute so that effect is given to all its provisions.

The policies of interpreting exemptions liberally in favor of the debtor, along with preserving the debtor's ability to meet her basic needs and ensuring that debtors have a "fresh start," support the claimed exemption claimed here. See In re Cataldo, 224 B.R. 426, 429 (B.A.P. 9th Cir. 1998). This interpretation does not contravene the concern expressed in Rousey or Clark that a debtor might receive a windfall by claiming the exemption. The debtor has not exempted the trust funds she inherited from her father, and this limited exemption appears to be warranted by the statutory language as applied to her situation.

## IV. Conclusion

The trustee's objection is overruled. Debtor to submit an order.

Date: August 19, 2016

Maureen A. Tighe
United States Bankruptcy Judge

-8-